937 P.2d 949

**John DOE, Petitioner–Appellee,**

v.

**Jane DOE, Respondent–Appellee,**

v.

**Richard ROE and Mary Roe, Intervenors–Appellants.**

**No. 17940.**

Intermediate Court of Appeals of Hawai'i.

April 30, 1997.

Sara R. Harvey and Twila Y. Masison (Stirling & Kleintop, of counsel), Honolulu, on the briefs for intervenors-appellants.

Peter Van Name Esser and Jean Ireton, Honolulu, on the brief for respondent-appellee.

Before BURNS, C.J., and WATANABE and ACOBA, JJ.

BURNS, Chief Judge.

Intervenors Richard Roe and Mary Roe (Paternal Grandparents) appeal the family court's March 1, 1994 Order Granting Defendant's Motion for Attorney's Fees and Costs Under Hawaii [Hawai'i] Family Court Rules Rule 68 which ordered Paternal Grandparents to pay to Mother's attorney, within 60 days, the sum of $25,101.00 for fees and costs incurred. We reverse.

### A. RELEVANT STATUTES AND RULES

1. *Relevant Hawai'i Revised Statutes (HRS) (1993)*

**FAMILY COURTS**

\* \* \*

§ 571–46.3 **Grandparents' visitation rights; petition; notice; order.** A

grandparent or the grandparents of a minor child may file a petition with the court for an order of reasonable visitation rights. The court may award reasonable visitation rights provided that the following criteria are met:

(1) This State is the home state of the child at the time of the commencement of the proceedings;

(2) Reasonable visitation rights are in the best interests of the child; and

(3) Either or both of the child's parents are deceased, or the child's parents are divorced or residing separate and apart.

### ANNULMENT, DIVORCE, AND SEPARATION

\* \* \*

**§ 580–47 Support orders; division of property.** (a) Upon granting a divorce, ... the court may make such further orders as shall appear just and equitable....

\* \* \*

(e) Attorney's fees and costs. The court hearing any motion for orders either revising an order for the custody, support, maintenance, and education of the children of the parties, or an order for the support and maintenance of one party by the other, or a motion for an order to enforce any such order or any order made under subsection (a) of this section, may make such orders requiring either party to pay or contribute to the payment of the attorney's fees, costs, and expenses of the other party relating to such motion and hearing as shall appear just and equitable after consideration of the respective merits of the parties, the relative abilities of the parties, the economic condition of each party at the time of the hearing, the burdens imposed upon either party for the benefit of the children of the parties, and all other circumstances of the case.

### UNIFORM PARENTAGE ACT

\* \* \*

**§ 584–15 Judgment or order.**

\* \* \*

(c) The judgment or order may contain any other provision directed against the appropriate party to the proceeding, concerning the duty of support, the custody and guardianship of the child, visitation privileges with the child, the furnishing of bond or other security for the payment of the judgment, or any other matter in the best interest of the child.

**§ 584–16 Costs.** The court may order reasonable fees of counsel, experts, and the child's guardian ad litem, and other costs of the action and pre-trial proceedings, including genetic tests, to be paid by the parties in proportions and at times determined by the court. The court may order the proportion of any indigent party to be paid by the State, or such person as the court shall direct.

### 2. *Relevant Hawai'i Family Court Rules (HFCR)*

**Rule 68. OFFER OF SETTLEMENT.** At any time more than 20 days before a contested matrimonial trial or a contested hearing for an order is scheduled to begin, either party may serve upon the adverse party an offer to allow a decree or order to be entered to the effect specified in the offer.... If the decree or order finally obtained by the offeree is patently not more favorable as a whole than the offer, the offeree must pay the costs, including reasonable attorney's fees incurred after the making of the offer, unless the court shall specifically determine that such would be inequitable in accordance with the provisions of HRS § 580–47, as amended.

### B. RELEVANT FACTS

On August 6, 1989, father (Father) and mother (Mother), who were not married but were living together, became the natural parents of a female child (Child). Because Father and Mother had severe substance abuse problems, Child spent much of her time with Paternal Grandparents.

Father and Mother separated in September 1991 when Mother and Child moved to the island of Hawai'i. On November 14, 1991, Father filed a Petition for Paternity pursuant to HRS Chapter 584 and requested "two overnight visitations each week with [Child.]" On January 15, 1992, the family court granted Paternal Grandparents' January 10, 1992 Motion to Intervene in the paternity action.

On February 13, 1992, in the paternity case "and pursuant to" the January 15, 1992 Order Granting Motion to Intervene, Paternal Grandparents filed a Complaint of Intervenors seeking "[a] determination and declaration that [Paternal Grandparents] have an interest in custody of/or visitation with [Child]." Subsequently, on that same day, Paternal Grandparents filed a Motion and Affidavit for Temporary Relief praying "[t]hat [Paternal Grandparents] be awarded the custody of [Child], . . . and that [Father] and [Mother] be awarded liberal, reasonable visitation." Following a hearing on February 21, 1992, the family court's March 27, 1992 Order Regarding Petition for Paternity, Motion and Affidavit for Temporary Relief and Order to Show Cause and Motion to Set Aside Order Granting Intervenors' Motion to Intervene decided that Father was Child's father; awarded Mother temporary physical and legal custody of Child; awarded Father and Paternal Grandparents specified visitation rights [1]; and ordered Mother and Father to undergo psychological and parent-child evaluations and drug and substance abuse assessments.

On May 9, 1992, the family court's Adult Services Branch worker recommended that Paternal Grandparents and Mother should be jointly awarded legal custody of Child; Paternal Grandparents should be awarded physical guardianship of Child; Father and Mother should be awarded specified rights of visitation and telephone contact; and the parties should share medical and school reports at appropriate times.

The July 2, 1992 Order Regarding Motion and Affidavit for Relief after Order or Decree; Order to Show Cause for Relief after Order or Decree filed April 30, 1992 and Motion and Affidavit for Temporary Relief; Order to Show Cause for Temporary Relief filed May 14, 1992 required Father to pay $210.00 per month temporary child support.

In July 1992, Mother and Child moved back to O'ahu.

The July 30, 1992 Order Granting Motion and Affidavit for Relief after Order or Decree filed [July 20, 1992] authorized visitation as follows:

All visitation exchanges shall be at 9:00 a.m., unless otherwise agreed upon.

In addition,

The [Paternal Grandparents] shall have summer visitation as follows:

1. They may take [Child] to the mainland for vacation from August 10, 1992 through August 19, 1992. They shall provide [Mother] with itinerary and phone numbers by August 7, 1992. They shall return [Child] to [Mother] on August 20, 1992 and pick her up again Aug[ust] 23, 1992 to August 27, 1992. [Paternal Grandparents] shall continue 4 days visitation on every other week commencing Friday Sept. 4, 1992, unless otherwise agreed upon.

---

1. The family court's March 27, 1992 Order Regarding Petition for Paternity, Motion and Affidavit for Temporary Relief and Order to Show Cause and Motion to Set Aside Order Granting Intervenors' Motion to Intervene stated in relevant part as follows:

8. Intervenors [Paternal Grandparents] shall have visitation rights with said child [Child] as follows:

* * *

b) Commencing the weekend of February 28 through March 1, 1992, [Paternal Grandparents] shall have visitation every other weekend and for two (2) days during the week for the week in which they do not have weekend visitation;

c) [Paternal Grandparents] shall have one week of visitation to be scheduled by agreement among the parties.

d) [Paternal Grandparents] shall pick up and drop off [Child] at Hilo International Airport for all visitation, except that upon the agreement of [Paternal Grandparents] and Defendant [Mother], [Mother] may bring the child to Honolulu and arrange for [Paternal Grandparents] to pick up the child for visitation in Honolulu.

In their Position Statement, which was attached to their September 10, 1992 Motion to Set Trial, Paternal Grandparents stated their position that they should be awarded physical and legal custody of Child subject to Father's and Mother's rights of "supervised visitation." They further stated in relevant part that they "own their own business and are financially stable." In the accompanying Income and Expense Statement, they represented that their Total Net Monthly Income was $7,911.42.

On October 2, 1992, Father filed his Position Statement asking that custody be awarded to Mother subject to his and Paternal Grandparents' rights of visitation.

In a September 21, 1992 letter, Mother made an HFCR Rule 68 settlement offer to Paternal Grandparents, proposing that Mother be awarded legal and physical custody of Child, that Paternal Grandparents be awarded visitation rights under the "current" schedule, and "if [Mother] goes into a residential treatment program and there is no space for [Child], or becomes hospitalized for any reason, the [Paternal Grandparents] will have visitation during the time that [Mother] is hospitalized or in treatment and unable to have [Child] with her."

In a July 10, 1993 letter, Mother made a similar HFCR Rule 68 settlement offer to Paternal Grandparents in which she warned,

[h]owever, if a trial becomes necessary, and [Mother] prevails as specified above, we will be seeking costs and attorney's fees, not only from the date of this offer, but from September 21, 1992 when virtually the same offer was made by [Mother's] previous counsel.

On September 8, 1993, Child's court-appointed Guardian ad Litem recommended the award of legal custody of Child to Paternal Grandparents and either joint physical custody with Mother or generous visitation to Mother.

After a trial on September 27 through 30 and November 2 and 3, 1993, the family court entered its December 8, 1993 Order Regarding Custody of Minor Child[2] (December 8,

2. The family court's December 8, 1993, Order Regarding Custody of Minor Child states in relevant part as follows:

**2. Custody**
The court awards sole legal and physical custody of [Child] ... to [Mother] as of December 15, 1993.

**3. Visitation**
[Father] shall be awarded visitation supervised by [Paternal Grandparents] at such times as [Child] is with [Paternal Grandparents], unless modified by written agreement of [Father] and [Mother], or until further order of the Court.

[Paternal Grandparents] are awarded visitation in accordance with Schedule A, as modified below. Visitation is expected to be increased, if agreed upon, and in accordance with the child's best interests.

Schedule A is defined as follows:
(1) every other weekend, from after school Fridays until Monday morning, return to school;
(2) one agreed-upon day a week from the close of school until 7:00 p.m.;
(3) one week of Christmas vacation, with [Mother] having the first week of Christmas vacation during odd-numbered years and the second week of Christmas vacation during even-numbered years;
(4) one-half of every spring vacation, with [Mother] having the first half of spring vacation during odd-numbered years and the sec-ond half of spring vacation during even-numbered years;
(5) up to six weeks every summer, during which time [Mother] shall have visitation with the child pursuant to the schedule normally enjoyed by [Paternal Grandparents];
(6) state and federal holidays during alternate years or as otherwise agreed between [Mother] and [Paternal Grandparents];
(7) [Mother's] birthday and Mother's Day every year with [Mother];
(8) [Mother] and [Paternal Grandparents] shall freely exchange information and reports regarding the child, including medical, dental and school reports. [Paternal Grandparents] are to be notified of extra curricular activities at school in which they may wish to and be able to participate.
* * *
**5. Taking the Child Off–Island**
The child is not to be taken off island for more than 10 days without written agreement of the [Mother] and [Paternal Grandparents].
* * *
**7. Other Orders**
[Mother] shall continue therapy with Jim Morrill, or in the event he becomes unavailable, with another therapist approved by him, until clinical discharge. [Mother] shall continue attendence [sic] in her aftercare program until discharged, and shall attend at least one NA or AA meeting per week, or as recommended by her therapist or aftercare counselor. [Mother] shall also continue with

1993 Custody Order) which awarded legal and physical custody of Child to Mother, awarded Father visitation rights supervised by Paternal Grandparents, awarded Paternal Grandparents modified "Schedule A" visitation rights, and specified that "[e]ach party shall pay their own attorney's fees, subject to possible Rule 68 motions."

In response to Mother's January 12, 1994 Motion for Attorney's Fees and Costs Under Hawaii [Hawai'i] Family Court Rule 68, the family court's March 1, 1994 Order Granting Defendant's Motion for Attorney's Fees and Costs Under Hawaii [Hawai'i] Family Court Rule 68 states in relevant part as follows:

*Findings of Fact*
\* \* \*

7. [Mother] is receiving public assistance and is a full time student and she does not have the means to pay the attorney's fees and costs accrued in defending this action.

8. [Paternal Grandparents'] financial statements presented to the Court show that they have more than ample means to pay the costs and fees.

9. The total costs and fees accrued since the offer of settlement submitted on September 21, 1992 are $25,101.00.

10. The costs were supported by the evidence adduced at the hearing, as were the attorney's fees, which were billed at one half of counsel's usual and customary hourly rate.

*Conclusions of Law*
\* \* \*

2. Attorney's fees and costs are authorized by statute in this action, and Hawaii [Hawai'i] Family Court Rule 68 is applicable to this action.

3. The order obtained after trial by [Paternal Grandparents] is patently not more favorable as a whole than the offers made by [Mother] on September 21, 1992 and July 10, 1993.

her educational efforts at Honolulu Community College.
\* \* \*

4. An order requiring [Paternal Grandparents] to pay [Mother's] costs and attorney's fees would not be inequitable under the provisions of Hawaii [Hawai'i] Revised Statutes § 580–47, as amended.

5. The costs and fees were necessary and reasonable.

THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED: . . . that [Mother's] attorney, . . ., is awarded the sum of $25,101.00 (twenty five thousand one hundred and one dollars) in attorney's fees and costs to be paid by [Paternal Grandparents].

Payment shall be made in full within 60 days of the date of this order.

## C. DISCUSSION

■ Paternal Grandparents contend that Conclusion of Law No. 2 is wrong. They argue that HRS § 580–47 is limited to divorce and post-divorce proceedings and that HRS § 584–16 is limited to paternity actions, not custody disputes between a child's parent and grandparents. We agree that HRS § 584–16 is limited to paternity actions. As specified in HRS § 584–15, however, paternity actions may involve custody issues.

As noted above, the family court's December 8, 1993 Custody Order specified that "[e]ach party shall pay their own attorney's fees, subject to possible [HFCR] Rule 68 motions." In other words, the December 8, 1993 Custody Order decided not to award attorney fees pursuant to HRS § 584–16 but left open the possibility of an award of fees pursuant to HFCR Rule 68. It follows that HRS § 584–16 is not relevant, and HFCR Rule 68 is relevant.

■ Consequently, the dispositive question is whether HFCR Rule 68 applies to a contested hearing for an order pertaining to the custody and visitation of a child in a paternity case. Our answer is "no."

As noted above, HFCR Rule 68 pertains to "a contested matrimonial trial or . . . hearing for an order" and "the provisions of HRS § 580–47, as amended." A plain reading of

9. **Attorney's Fees**
Each party shall pay their own attorney's fees, subject to possible Rule 68 motions.

those words limits HFCR Rule 68's applicability to only divorce and post-divorce proceedings. Thus, we conclude that HFCR Rule 68 does not authorize the family court's award of costs and attorney fees in a paternity case.

## CONCLUSION

Accordingly, we reverse the family court's March 1, 1994 Order Granting Defendant's Motion for Attorney's Fees and Costs under Hawaii [Hawaiʻi] Family Court Rules Rule 68.