**Electronically Filed
Intermediate Court of Appeals
CAAP-23-0000687
05-DEC-2024
08:06 AM
Dkt. 101 SO**

NO. CAAP-23-0000687

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


N.Y., Petitioner-Appellee,
v.
D.H., Respondent-Appellant,
and
CHILD SUPPORT ENFORCEMENT AGENCY, STATE OF HAWAII, Defendant


APPEAL FROM THE FAMILY COURT OF THE FIRST CIRCUIT
(CASE NO. 1PP171006360)


## SUMMARY DISPOSITION ORDER
(By: Hiraoka, Presiding Judge, Nakasone and McCullen, JJ.)

D.H. (**Father**) appeals from the October 19, 2023 "Order Regarding Attorney's Fees and Costs Related to Respondent-Father's Motion for Relief after Judgment or Order and Declaration, Filed June 15, 2023" (**Fee Order**) entered by the Family Court of the First Circuit.[1]  We affirm.

N.Y., now known as N.S. (**Mother**), is the mother of **Child**.  Mother filed a petition for paternity against Father on September 25, 2017.  A stipulated order that Father is Child's father was entered on January 10, 2018.  After more than five years of litigation, the family court entered a stipulated "Order Regarding Custody, Visitation, Child Support and Other Child Related Orders" (**Custody Order**) on April 3, 2023.

---

[1]      The Honorable Lesley N. Maloian presided.

Two months later, Father moved for relief from the Custody Order. A hearing was held on August 31, 2023. Father and Mother testified. On October 3, 2023, the family court entered an order on Father's motion. On October 19, 2023, the family court entered the Fee Order, awarding Mother $2,776.12 in attorney's fees and costs,[2] to be paid by Father within 60 days. This appeal followed. The family court entered findings of fact and conclusions of law (**COL**) on January 25, 2024, under Hawaiʻi Family Court Rules Rule 52(a).

Father's opening brief states four points of error and challenges many of the family court's findings and conclusions. But he does not argue that any finding of fact was clearly erroneous. See Fisher v. Fisher, 111 Hawaiʻi 41, 46, 137 P.3d 355, 360 (2006) (findings of fact are reviewed under the *clearly erroneous* standard). His points on the family court's findings of fact are waived. Hawaiʻi Rules of Appellate Procedure Rule 28(b)(7) ("Points not argued may be deemed waived.").

Father states: "While some of the Findings of Fact are important to this case, the determinative factor for this appeal is a question of law on the extent of the Court's authority in a paternity case to assess attorney's fees and court costs in a post-judgment Motion." Conclusions of law are reviewed de novo. Fisher, 111 Hawaiʻi at 46, 137 P.3d at 360.

Hawaii Revised Statutes (**HRS**) § 584-16[3] applies to awards of attorneys fees and costs in paternity actions. Father argues the statute applies only to proceedings that establish

---

[2] The family court reduced the fee amount. Mother has not appealed the reduction. Father does not challenge the amount of the award.

[3] HRS § 584-16 (2018) provides:

The court may order reasonable fees of counsel, experts, and the child's guardian ad litem, and other costs of the action and pre-trial proceedings, including genetic tests, subject to the provisions of section 584-11(f) [regarding contested genetic tests], to be paid by the parties in proportions and at times determined by the court. The court may order the proportion of any indigent party to be paid by the State, or such person as the court shall direct.

paternity, not to motions filed after the order establishing paternity. "We agree that HRS § 584-16 is limited to paternity actions. As specified in HRS § 584-15,[4] however, paternity actions may involve custody issues." Doe v. Doe, 85 Hawaiʻi 108, 112, 937 P.2d 949, 953 (App. 1997). Father's motion for relief involved visitation privileges. The family court was authorized to award Mother the attorneys fees and costs she incurred in connection with Father's motion for relief.

> [T]he family court possesses wide discretion in making its decisions and those decision[s] will not be set aside unless there is a manifest abuse of discretion. Thus, we will not disturb the family court's decisions on appeal unless the family court disregarded rules or principles of law or practice to the substantial detriment of a party litigant and its decision clearly exceeded the bounds of reason.

Fisher, 111 Hawaiʻi at 46, 137 P.3d at 360.

The family court found:

> 12. On June 15, 2023, [Father's attorney] filed a Motion For Relief After Judgment Or Order And Declaration ("Motion For Relief"). Prior to filing the Motion for Relief, [Father's attorney] made no attempt to communicate with [Mother's attorney] to determine whether the issues raised in the Motion for Relief could be resolved outside of a judiciary court.
>
> . . . .
>
> 18. Prior to filing the Motion for Relief, [Father's attorney] made no attempts to communicate the substance of FATHER's issues with [Mother's attorney], nor seek to resolve FATHER's issues with [Mother's attorney] through a method of alternative dispute resolution, such as negotiation or mediation.
>
> . . . .
>
> 20. In her August 25, 2023 Declaration, MOTHER articulated her desire to peacefully co-parent with FATHER. MOTHER asserted her desire to avoid renewed court filings,

---

[4]     HRS § 584-15 (2018) provides, in relevant part:

(c)    The judgment or order may contain any other provision directed against the appropriate party to the proceeding, concerning the . . . custody . . . of the child, *visitation privileges with the child*, . . . or any other matter in the best interest of the child.

(Emphasis added.)

3

as constant litigation was financially expensive and added undoubted stress and anxiety to her family. MOTHER was amendable to any competent dispute resolutions methods such as mediation.

21. MOTHER articulated [that], prior to filing the Motion for Relief, FATHER failed to engage in any good faith attempts to settle the issues by intelligently communicating the issues to MOTHER or to her counsel through [Father's attorney]. Instead, FATHER continued to engage in conflictual behavior by filing frivolous motions and seeking litigation for each and every issue.

. . . .

37. [Father's attorney] objected to [Mother's attorney]'s request for attorney fees and costs but admitted he made no attempts to resolve FATHER's issues with [Mother's attorney] prior to filing the Motion for Relief. [Father's attorney] gave no reason why he failed in his obligation to make any attempts to contact [Mother's attorney] prior to filing the Motion for Relief.

On this record, we conclude the family court acted within its discretion by awarding attorneys fees and costs to Mother. The October 19, 2023 "Order Regarding Attorney's Fees and Costs Related to Respondent-Father's Motion for Relief after Judgment or Order and Declaration, Filed June 15, 2023" is affirmed. The record does not show that Father obtained a stay on enforcement of the Fee Order, or whether Father paid the award. If Father has not yet paid the award, Father shall also pay interest on the amount of the award, at ten percent a year under HRS § 478-3 (2008), from December 18, 2023 until the Fee Order is satisfied.

DATED: Honolulu, Hawaiʻi, December 5, 2024.

On the briefs:

Stephen T. Hioki,
for Respondent-Appellant.

N.Y., now known as N.S.,
Self-Represented
Petitioner-Appellee.

/s/ Keith K. Hiraoka
Presiding Judge

/s/ Karen T. Nakasone
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge

4